A11A1922. MARTIN v. THE STATE.

(721 SE2d 180)

ELLINGTON, Judge.

Following a bench trial, the State Court of Douglas County found Teri Martin guilty of driving while under the influence of marijuana and cocaine to the extent it was less safe for her to drive, OCGA § 40-6-391 (a) (2); and possession of marijuana, OCGA § 16-13-30 (j) (1). Martin appeals, contending that the State failed to prove that the highway roadblock that led to her arrest had a legitimate purpose at the programmatic level, and, therefore, that the trial court erred in denying her motion to suppress evidence obtained as a result of that roadblock. Finding no error, we affirm.

It is well settled that "roving patrols in which officers exercise unfettered discretion to stop drivers in the absence of some articulable suspicion" are unconstitutional but that standardized highway checkpoints or roadblocks that serve legitimate law enforcement objectives are permissible under certain circumstances. *Jacobs v. State*, 308 Ga. App. 117 (706 SE2d 737) (2011). To justify a stop under this exception to the requirement that a law enforcement officer have an individualized suspicion of a crime before stopping a vehicle,

> the State must prove that a highway roadblock program was implemented at the programmatic level for a legitimate primary purpose, that is, that the roadblock was ordered by a supervisor rather than by officers in the field and was implemented to ensure roadway safety rather than as a constitutionally impermissible pretext aimed at discovering general evidence of ordinary crime. Elevating the roadblock decision from the officers in the field to the supervisory level

limits the exercise of discretion by the officers in the field. In addition, the State must prove that all vehicles were stopped as opposed to random vehicle stops; the delay to motorists was minimal; the roadblock operation was well identified as a police checkpoint; and the screening officer's training and experience was sufficient to qualify him or her to make an initial determination as to which motorists should be given field tests for intoxication.

(Citations, punctuation and footnotes omitted.) Id. at 118.

In this case, it is undisputed that, at approximately 5:00 a.m. on March 28, 2010, Martin stopped at a roadblock on Thornton Road near Skyview Drive. Martin contends that the State failed to identify a supervisor who decided to conduct a roadblock at that exact time and place and failed to offer admissible evidence of that unknown officer's primary purpose in implementing the roadblock. As a result, she contends, the State failed to prove that the particular roadblock was implemented at the programmatic level for a legitimate primary purpose.

At the hearing on Martin's motion to suppress, the Chief Deputy of the Sheriff's Office of Douglas County, Stan Copeland, testified that he was authorized to approve roadblocks, although he normally became involved only in large scale operations that required extensive personnel overtime. According to Chief Deputy Copeland, the roadblock at issue in this case was part of a large coordinated effort among the Sheriff's Offices of Douglas County and Carroll County and the Governor's Office of Highway Safety. The purpose of the operation was highway safety and driver sobriety. Chief Deputy Copeland approved his department's participation in the operation overnight on March 27-28, 2010, and directed that the exact location and hours of operation of the various roadblocks would be determined by unit commanders, who also had authority to implement roadblocks on their own. The officer who initially spoke with Martin at the roadblock, and a second officer who completed the DUI investigation, testified that, at the time and place where Martin stopped, they were participating in that particular roadblock under the direction and supervision of Sergeant David Martin, who was the commander of the H.E.A.T. (Highway Enforcement of Aggressive Traffic) unit. Based on the testimony of Chief Deputy Copeland and the two field officers, the trial court concluded that the roadblock was implemented in accordance with applicable law.

Although the State did not offer the testimony of Sergeant Martin regarding his authority to implement roadblocks or his purpose in implementing the roadblock at issue, we decline to hold that the testimony of the supervisory officer who orders a roadblock

is required to prove these facts. In this case, the State offered the testimony of Sergeant Martin's superior officer and supervisor as well as the testimony of two of the officers he (Sergeant Martin) directly supervised in conducting the roadblock on Thornton Road near Skyview Drive on the early morning of March 28, 2010. We conclude that the evidence taken as a whole authorized the trial court to find that Sergeant Martin had authority to implement roadblocks and that he had a legitimate primary purpose for implementing the roadblock at issue.[1] Further, there is no evidence that the roadblock had any characteristic of an impermissible roving patrol.[2] Because Martin raises no argument with regard to any of the other factors that are relevant to whether a roadblock was reasonable under the Fourth Amendment, we affirm the trial court's order denying her motion to suppress. *Jacobs v. State*, 308 Ga. App. at 120-121.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED DECEMBER 7, 2011 — 

*Allen M. Trapp, Jr.*, for appellant.

*Brian K. Fortner, Solicitor-General, Sherrill N. Britt, Assistant Solicitor-General*, for appellee.

---

[1] See *Jacobs v. State*, 308 Ga. App. at 119-120 (A police captain's decision to implement the particular roadblock that resulted in the defendant's arrest was made at the programmatic level for a legitimate primary purpose because the captain testified without contradiction that she was expressly authorized to plan and implement roadblocks and that she decided to set up the roadblock at issue to carry out the directive of her superior officers to conduct road safety checks at a prescribed frequency, even though such delegation of authority was not memorialized in a written manual or policy.).

[2] See *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998) (The trial court did not err in denying the defendant's motion to suppress evidence resulting from a roadblock where there was "no evidence of unfettered discretion by the [officers who screened the motorists,]" no evidence that any officer whimsically or arbitrarily singled out the defendant's vehicle, and no showing that the roadblock was arbitrary or oppressive to motorists.).